IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2001 Session

## PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY v. TINA JOHNSON SHANKLES, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 99C696     W. Neil Thomas, III, Judge**

**FILED AUGUST 28, 2001**

**No. E2000-02073-COA-R3-CV**

This is an interpleader bill filed by Provident Life and Accident Insurance Company against four named Beneficiaries in a policy of insurance issued to their father, Arnold Joe Johnson. Two of the Beneficiaries were children by a former marriage of Mr. Johnson, who were added as such shortly before his death. The two Beneficiaries by a subsequent marriage insisted that the provisions of a divorce decree precluded Mr. Johnson from adding his other two children as Beneficiaries. The Trial Court found that all four should share in the proceeds of the policy equally and entered a summary judgment to that effect. We vacate and remand.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;
Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

S. Roger York, Crossville, Tennessee, for the Appellants, Kristy Jo Johnson and Arnold Joe Johnson, Jr.

David W. Wallace, Chattanooga, Tennessee, for the Appellees, Tina Johnson Shankles and Gordon Lee Johnson

## OPINION

Provident Life and Accident Insurance Company initiated the suit giving rise to this appeal by filing a bill of interpleader against four named Beneficiaries in a life insurance policy issued by Provident to the Beneficiaries' father, Arnold Joe Johnson. They were Tina Johnson Shankles and Gordon Lee Johnson, children of Mr. Johnson by a previous marriage, and Kristy Jo Johnson and Arnold Joe Johnson, Jr., children of Mr. Johnson by a subsequent marriage. Mr. Johnson and his former wife, Paulette Johnson, who is the mother of Kristy Jo Johnson and Arnold Joe Johnson, Jr., were divorced by decree entered on October 17, 1995. The pertinent provision of this decree is a

section of the Marital Dissolution Agreement which was incorporated in the decree, and reads as follows:

> CHILD CUSTODY, VISITATION and SUPPORT: Wife shall have custody of the parties' minor children, with reasonable visitation privileges awarded to Husband as follows: every other weekend from 6:00 p.m. on Fridays until 6:00 p.m. on Sundays, alternating legal holidays, Father's Day, Husband's Birthday, and three (3) weeks of summer vacation. The Wife shall have the children on Mother's Day and Wife's Birthday regardless of whose weekend said day falls on. Husband shall pay $552.00 per month in child support in accordance with the Tennessee Child Support Guidelines through the Clerk's office via a Wage Assignment with Husband paying the 5% Clerk's fee. Wife shall continue to provide insurance for the minor children through her employment. Husband shall be responsible for any and all medical expenses not covered by said insurance, including deductibles. Both parties shall make the minor children beneficiaries on their life insurance policies.

The affidavit of the former wife of the deceased discloses that she and Mr. Johnson each had one life insurance policy with Provident Life and that the only minor children of the parties were Kristy Jo Johnson, d.o.b. 8/18/80, and Arnold Joe Johnson, Jr., d.o.b. 9/24/85. The other two Beneficiaries in the policy were adult children of Mr. Johnson by a former marriage.

After the divorce the minor children above named were made Beneficiaries of Mr. Johnson's policy. By instrument dated June 24, 1998, Mr. Johnson changed the Beneficiaries of his policy to include his two older children by the former marriage. This document was not promptly mailed to Provident, but was later mailed, in October 1998, by his son of the previous marriage, who was named as a Beneficiary, prior to the death of Mr. Johnson, but was not received by Provident until after his death.[1]

The Trial Court found that all four children were Beneficiaries of the policy by virtue of the instrument heretofore referenced and were entitled to share equally in the proceeds of the policy. It thereupon entered a summary judgment against the original Beneficiaries.

A recent opinion of our Supreme Court, Staples v. CBL & Associates, 15 S.W.3d 83, 89 (Tenn. 2000), has restated the standard for our review of summary judgments granted by a trial court:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most

---

[1] No assertion is made that the signature on the change of Beneficiaries was not that of Mr. Johnson.

favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

We deem the following undisputed facts significant in our resolution of this appeal:

1.  The following statements in Ms. Johnson's affidavit:

> 2.     At the time of our divorce, Arnold Joe Johnson and I each had one life insurance policy with Provident Life.
>
> 3.     The only people to be as beneficiaries of each policy was our two children, Kristy Jo Johnson and Arnold Joe Johnson, Jr.

2.     At the time of the divorce the minor son was not quite 10 years old and minor daughter not quite 15.

3.     Mr. Johnson was obligated to pay $552 per month as child support.

Upon applying the standard hereinbefore set out, we believe that Ms. Johnson's affidavit stating that the minor children were the only ones to be Beneficiaries under the policy, coupled with the fact that the children were minors, it is reasonable to infer that Mr. Johnson would want them to receive the proceeds of his policy in lieu of child support which would, of course, terminate at his death.

Consequently, we conclude that upon indulging the foregoing inference, the Trial Court improperly granted the summary judgment and it should be vacated and the cause remanded for a trial on the merits.

In reaching our conclusion, we are aware that the provisions of the divorce decree did not specifically prohibit Mr. Johnson from changing his Beneficiaries but, as was suggested in oral argument, if he was at liberty to do this he could name any number of Beneficiaries which could in effect reduce the monies coming to the original Beneficiaries to a pittance.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for a trial on the merits. Costs of appeal are adjudged against Tina Johnson Shankles and Gordon Lee Johnson.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE